UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-103-HRW

PAULA NEWKIRK,                                              PLAINTIFF,

v.        **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on July 22, 2002 (Tr. 78-87), alleging disability beginning on April 30, 2001, due to degenerative disc disease, osteoporosis, Hepatitis B and C and manic depression  (Tr. 79).

This application was denied initially, on reconsideration and by hearing decision (Tr. 35-47, 12-26). Plaintiff appealed to the United States District Court for the Eastern District of Kentucky. By Order and Judgment entered on April 5, 2006, the District Court remanded the matter for further proceedings (Tr. 298-308).

While her claim was pending in District Court, Plaintiff filed a new application for benefits on October 1, 2004.

On remand, Administrative Law Judge Frank Letchworth (hereinafter "ALJ") consolidated the claims. On August 16, 2006, the ALJ convened a hearing wherein Plaintiff, accompanied by counsel, testified (Tr. 857-876). At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified (Tr. 876-880).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or

impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 22, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 392 -405).

Plaintiff was 51 years old at the time of the hearing decision. She has a GED and her past relevant work experience consists of work as a book factory worker, tire factory worker, sewing machine operator and cashier (Tr. 70-76).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 404).

The ALJ then determined, at Step 2, that Plaintiff suffered from impairments which he found to be "severe" within the meaning of the Regulations (Tr. 404).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 404).

The ALJ further found that Plaintiff could not return to her past relevant work but determined that she has the residual functional capacity ("RFC") to perform a significant range of light work, with certain restrictions as set forth in the hearing decision (Tr. 404).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 403).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 25, 2007 (Tr. 384-386).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

**A.     Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.   Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ's mental RFC finding is not supported by substantial evidence and (2) the ALJ improperly evaluated Plaintiff's credibility.

### C.   Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ's mental RFC finding is not

5

supported by substantial evidence. Specifically, Plaintiff contends that the ALJ improperly rejected the opinion of psychiatrist Dr. Robina Bokhari.

The Court notes that while Plaintiff contends that Dr. Bokhari is a treating source and thus entitled to deference, the ALJ determined otherwise. While it is questionable whether four visits endows Dr. Bokhari with treating status, the undersigned will give Plaintiff the benefit of the doubt and consider Dr. Bokhari as a treating source. However, treating source status does not end the inquiry. In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Bokhari treated Plaintiff in June 2005, September 2005, November 2005 and February 2006 (Tr. 642-646, 704, 763 and 764-766). She submitted a medical assessment dated February 15, 2006 in which she opined that Plaintff had "marked" and extreme limitation in all areas of mental function (Tr. 764-766).

The ALJ determined that Dr. Bokhari's opinion of extreme limitation was not supported by sufficient data and at odds with the other evidence of record. The

Court agrees.  For example, Plaintff underwent mental health treatment at Adanta in 2005 and 2006 and in a note dated February 2006, Adanta staff reported Plaintiff stated she was "doing better" (Tr. 352).   This undermines Dr. Bokhari's contemporaneous assessment of extreme limitation.

In addition, treating sources at Adanta assessed Plaintiff with a GAF of 55 which indicates only moderate difficulty in social, occupational or educational functioning (Tr. 369).   This level of restriction is echoed by the state agency physicians (Tr. 647-650 and 666-669).   Yet Dr. Bokhari, alone, suggests extreme restriction.   Again, the weight of the evidence supports only moderate limitation.

The Court finds that the ALJ stated appropriate reasons for discounting the opinion of Dr. Bokhari.  Having reviewed the record, the Court find's the ALJ's mental RFC to be supported by substantial evidence.

Plaintiff's second claim of error is that  the ALJ improperly evaluated Plaintiff's credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect  to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found Plaintiff's "allegation of pain of an unremitting

nature over time is not credible and is not supported by the record" (Tr. 400). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ pointed out that the record reveals only conservative treatment, which undermines Plaintiff's allegations of disabling musculoskeletal pain.

Further, the record is devoid of credibly evidence suggesting marked physical functional limitation. To the contrary, consultative examinations of Plaintiff revealed only moderate findings (Tr. 137-141, 767-772). There is no evidence of significant neurological deficit or atrophy to support Plaintiff's complaint of disabling musculoskeletal pain.

Finally, the ALJ noted that Plaintiff takes over-the-counter medication to alleviate her symptoms. The "use of only mild medications undercuts complaints of disabling pain." *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990), *citing Kimbrough v. Secretary of Health and Human Services*, 801 F.2d 794 (6th Cir. 1986).

Having reviewed the record, the Court finds no error in the ALJ's assessment of Plaintiff's credibility; substantial evidence support's the ALJ's

finding in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 15, 2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge